UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 3:19~;1539 (SALm) |
| | : | |
| ORLANDO MARTINEZ | : | |



GOVERNMENT'S MOTION
FOR WAIVER OF TEN-DAY NOTICE

The United States Government respectfully requests that the Court enter an order waiving the ten-day notice requirement of 18 U.S.C. § 2518(9) so that the Government may rely on court-authorized electronic surveillance at the detention hearing of the defendant in the captioned case. In support of this motion, the Government submits the following:

Section 2518(9) reads as follows:

> The contents of any wire, oral, or electronic communication intercepted pursuant to this chapter or evidence derived therefrom shall not be received in evidence or otherwise disclosed in any trial, hearing, or other proceeding in a Federal or State court unless each party, not less than ten days before trial, hearing, or proceeding, has been furnished with a copy of the court order, and accompanying application, under which the interception was authorized or approved. This ten-day period may be waived by the judge if he finds that it was not possible to furnish the party with the above information ten days before trial, hearing, or proceeding and that the party will not be prejudiced by the delay in receiving such information.

On June 20, 2019, the Government applied to United States District Court Judge Jeffrey A. Meyer, requesting authorization to intercept wire communications including text messages over (347) 323-0792 ("Target Telephone 1"), which application was granted that same date.

On July 3, 2019, the Government applied to United States District Court Judge Victor A. Bolden, requesting authorization to intercept wire communications including text messages over (646) 409-9776 ("Target Telephone 2"), which application was granted that same date.

On July 26, 2019, the Government applied to United States District Court Judge Victor A. Bolden, requesting authorization to intercept wire and electronic communications including text messages over (646) 427-2854 ("Target Telephone 3"), and (203) 928-8609 ("Target Telephone 4"), which application was granted that same date.

On August 29, 2019, the Government applied to United States District Court Judge Jeffrey A. Meyer, authorization to continue to intercept wire and electronic communications, including text messages, over Target Telephone 3 and Target Telephone 4) and requesting authorization to intercept wire and electronic communications over (929) 228-2878, initially identified as "Target Telephone 5," and (203) 656-7454 ("Target Telephone 6"), which application was granted that same date.

On September 3, 2019, the Government applied to United States District Court Judge Jeffrey A. Meyer, requesting authorization to intercept wire communications over (203) 982-5572 ("Target Telephone 5"), which application was granted that same date.[1]

On September 27, 2019, the Government applied to United States District Court Judge Jeffrey A. Meyer for authorization to continue to intercept wire communications over intercept wire communications over (646) 427-2854 ("Target Telephone 3"), requesting authorization to intercept wire and electronic communications, including text messages, over (203) 715-9896 ("Target Telephone 7") and (203) 519-5273 ("Target Telephone 8"), and requesting

---

[1] The initial authorization of Target Telephone 5 dated August 29, 2019 identified an incorrect phone number which was subsequently corrected in the September 3, 2019 authorization.

authorization to intercept wire communications over (754) 221-5562 ("Target Telephone 9"), which application was granted that same date.[2]

On September 30, 2019, the Government applied to United States District Court Judge Jeffrey A. Meyer, authorization to continue to intercept wire communications over intercept wire communications over (203) 519-5273 ("Target Telephone 8"), which application was granted that same date.

On October 10, 2019, the Government applied to United States District Court Judge Jeffrey A. Meyer, authorization to continue to intercept wire communications over intercept wire communications over (475) 313-4984 ("Target Telephone 10"), which application was granted that same date.

Section 3142(f) of the Bail Reform Act requires that the judicial officer hold a detention hearing

> immediately upon the person's first appearance before the judicial officer unless that person, or the attorney for the Government, seeks a continuance. Except for good cause, a continuance on motion of the person may not exceed five days, and a continuance on motion of the attorney for the Government may not exceed three days.

The Government will be prepared to present its position for detention at the initial appearance.

The Government intends to rely on court-authorized electronic surveillance at the detention hearings that are yet to be held. Some of the conversations intercepted during the electronic surveillance are relevant to the detention issues the judicial officer must consider. The Government intends to use specific conversations of the defendant and his coconspirators,

---

[2] The initial authorization of Target Telephone 8 dated September 27, 2019 identified an incorrect service provider which was subsequently corrected in the September 30, 2019 authorization.

among other matters, to establish that no conditions or combination of conditions will reasonably assure the appearance of the defendant as required and pretrial detention is required due to the danger the defendants pose to others and to the community.

The Government will make available to counsel for the defendant copies of the application, affidavit, and order for the electronic surveillance giving rise to the wire interceptions that the Government intends to use at the detention hearing.   The defendant will not be prejudiced by waiver of the ten-day notice requirement.   Section 2518(9) is designed to insure that defendants have notice and opportunity prior to trial to move to suppress evidence based on illegal electronic surveillance.   That section is not intended to prevent a court from receiving all relevant information when deciding the issue of bail or detention.   See United States v. Salerno, 794 F.2d 64, 70 (2d Cir. 1986), rev'd on other grounds, 481 U.S. 739 (1987).

Should a defendant require more time to prepare for the detention hearing and to review the sealed documents produced concerning the electronic surveillance, he can move for a continuance of up to five days as a matter of right.   Further, he may request a longer continuance by satisfying the "good cause" requirement of 18 U.S.C. § 3142(f).

For the foregoing reasons, the Government respectfully requests that this Court issue an order waiving the ten-day notice provision of 18 U.S.C. § 2518(9).

Finally, the Government requests that the Court include in its order language prohibiting the captioned defendant and his/her counsel from disclosing the currently sealed application, affidavit, and order relating to the disclosed court-authorized electronic surveillance,

except in the context of a court proceeding in this District.

Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY

/S/
ANTHONY E. KAPLAN
H. GORDON HALL
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. ct08083
157 Church Street
New Haven, Connecticut 06510
(203) 821-3700

## CERTIFICATION

This is to certify that a copy of the within and forgoing "Government's Motion For Waiver of Ten-day Notice" was hand-delivered to opposing counsel this        day of October, 2019.

/S/
ANTHONY E. KAPLAN
H. GORDON HALL
ASSISTANT UNITED STATES ATTORNEY

5