

**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

FEB 27 2020 PM 3:33
FILED USDC-CT-NEW HAVEN

---

Connecticut Financial Center          (203)821-3700
157 Church Street, 25th Floor         Fax (203) 773-5376
New Haven, Connecticut 06510          www.justice.gov/usao/ct

**February 27, 2020**

**Robert C. Mirto**
**Mirto & Rasile, LLC**
**295 Main Street**
**West Haven, CT 06516**

Re:   *United States v. Orlando Martinez a.k.a. "Bolo"*
      Case No. 3:19CR276(VLB)

Dear Attorney Mirto:

This letter confirms the plea agreement between your client, Orlando Martinez a.k.a. "Bolo" (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") in this criminal matter.

In consideration for the benefits offered under this agreement, the defendant agrees to plead guilty to Count One of the Superseding Indictment charging him with conspiracy to distribute, and to possess with intent to distribute, a mixture and substance containing a detectable amount of heroin and a mixture and substance containing a detectable amount of fentanyl in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B)(i), 841(b)(1)(C) and 846.

*Attorney Robert Mirto, Esq.*
*Page 2*

The defendant understands that, to be guilty of this offense, the following essential elements must be satisfied:

1. From approximately May 2019 through October 2019, there was an agreement between two or more persons to possess with the intent to distribute and to distribute a mixture and substance containing a detectable amount of heroin and a mixture and substance containing a detectable amount of cocaine; *fentanyl ), O.M RO RN*

2. During the existence of the conspiracy, the defendant knowingly, willfully, and voluntarily became a participant in, or a member of, the agreement, and did so with the intention of furthering an objective of the conspiracy; and

3. The defendant knew or reasonably should have foreseen that an object of the conspiracy involved the possession with intent to distribute and distribution of 100 grams or more of a mixture and substance containing a detectable amount of heroin.

## THE PENALTIES

### Imprisonment

This offense carries a mandatory minimum penalty of five years of imprisonment and a maximum penalty of forty years of imprisonment.

### Supervised Release

In addition, the Court must impose a term of supervised release of at least four years and as much as life to begin after any term of imprisonment. 21 U.S.C. § 841(b)(1)(B)(ii). The defendant understands that should he violate any condition of supervised release, he may be required to serve a further term of imprisonment of up to three years with no credit for time already spent on supervised release.

### Fine

This offense carries a maximum fine of $5,000,000.  The defendant is also subject to the alternative fine provision of 18 U.S.C. § 3571.  Under this section,

*Attorney Robert Mirto, Esq.*
*Page 3*

the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; (3) $250,000; or (4) the amount specified in the section defining the offense, which is $5,000,000.

## Special Assessment

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100 on each count of conviction.  The defendant agrees to pay the special assessment to the Clerk of the Court on the day ~~the guilty plea is~~ ~~accepted.~~ *of* *sentencing. U.M et pm*

## Interest, penalties and fines

Unless otherwise ordered, should the Court impose a fine of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of the fine not paid within 15 days after the judgment date.  18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine pursuant to 18 U.S.C. § 3572(h), (i) and § 3612(g).

## Forfeiture

The defendant agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of any assets covered by this agreement.  The defendant further agrees to waive all constitutional and statutory challenges in any manner to any forfeiture carried out in accordance with this plea agreement on any grounds. The defendant also understands and agrees that by virtue of his plea of guilty he waives any rights or cause of action to claim that he is a "substantially prevailing party" for the

*Attorney Robert Mirto, Esq.*
*Page 4*

purpose of recovery of attorney fees and other litigation costs in any related

forfeiture proceeding pursuant to 28 U.S. C. § 2465(b)(1).

THE SENTENCING GUIDELINES

Applicability

The defendant understands that the Court is required to consider any

applicable Sentencing Guidelines as well as other factors enumerated in 18

U.S.C. § 3553(a) to tailor an appropriate sentence in this case and is not bound by

this plea agreement.  The defendant agrees that the Sentencing Guideline

determinations will be made by the Court, by a preponderance of the evidence,

based upon input from the defendant, the Government, and the United States

Probation Office.  The defendant further understands that he has no right to

withdraw his guilty plea if his sentence or the Guideline application is other than

he anticipated, including if the sentence is outside any of the ranges set forth in

this agreement.

Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce

by two levels the defendant's adjusted offense level under § 3E1.1(a) of the

Sentencing Guidelines, based on the defendant's prompt recognition and

affirmative acceptance of personal responsibility for the offense. Moreover,

should the defendant qualify for a decrease under § 3E1.1(a) and his offense level

determined prior to the operation of subsection (a) is level 16 or greater, the

Government will file a motion with the Court pursuant to § 3E1.1(b) which

recommends that the Court reduce the defendant's Adjusted Offense Level by

*Attorney Robert Mirto, Esq.*
*Page 5*

one additional level based on his prompt notification of his intention to enter a plea of guilty. The defendant understands that the Court is not obligated to accept the Government's recommendations on the reductions.

The above-listed recommendations are conditioned upon the defendant's affirmative demonstration of acceptance of responsibility, by (1) truthfully admitting the conduct comprising the offense(s) of conviction and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 of the Sentencing Guidelines, and (2) disclosing to the United States Attorney's Office and the United States Probation Office a complete and truthful financial statement detailing the defendant's financial condition. The defendant expressly authorizes the United States Attorney's Office to obtain a credit report concerning the defendant.

In addition, the Government expressly reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant engages in any acts, unknown to the Government at the time of the signing of this agreement, which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (§ 3E1.1 of the Sentencing Guidelines); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (§ 3C1.1 of the Sentencing Guidelines); or (3) constitute a violation of any condition of release.  Moreover, the Government reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant seeks to withdraw his guilty plea or takes a position at sentencing, or otherwise, which, in the Government's assessment, is inconsistent with affirmative acceptance of

personal responsibility.  The defendant understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make one or both of the recommendations or seeks denial of the adjustment for acceptance of responsibility.

### Determination of Quantity

The parties agree and acknowledge that the determination of the quantity of heroin and fentanyl, which was part of the defendant's relevant and readily foreseeable conduct as a result of his role in the conspiracy, will be determined by the Court at sentencing by a preponderance of the evidence standard. However, the defendant expressly agrees and stipulates that the quantity of the mixtures and substances containing heroin and fentanyl that was reasonably foreseeable to him as a result of his role in the charged conspiracy, was the equivalent of at least 100 kilograms but less than 400 kilograms of converted drug weight or at least 100 grams but less than 400 grams of heroin, and he waives any right to a jury trial or a sentencing hearing on the issue of the quantity of controlled substances involved in the offense.

### Guideline Stipulation

The parties agree as follows:

The Guidelines Manual in effect on the date of sentencing is used to determine the applicable Guidelines range.

The defendant's base offense level under U.S.S.G. § 2D1.1(c)(8) is 24. Three levels are subtracted under U.S.S.G. § 3E1.1 for acceptance of responsibility, as noted above, resulting in a total offense level of 21 based on the

*Attorney Robert Mirto, Esq.*
*Page 7*

parties' agreement that the quantity of heroin and fentanyl reasonably foreseeable to the defendant as a result of his role in the conspiracy was at least 100 kilograms but less than 400 kilograms of converted drug weight..

Based on an initial assessment, the parties agree that the defendant falls within Criminal History Category V.  The parties reserve the right to recalculate the defendant's Criminal History Category and corresponding sentencing ranges if this initial assessment proves inaccurate.

A total offense level of 21, assuming a Criminal History Category V, would result in a range of 70 to 87 months of imprisonment (sentencing table) and a fine range of $15,000 to $150,000, U.S.S.G. § 5E1.2(c)(3).  The defendant is also subject to a supervised release term of 4 years to a lifetime term.  U.S.S.G. § 5D1.2.

The Government and the defendant reserve their rights to seek a departure or a non-Guidelines sentence, and both sides reserve their right to object to a departure or a non-Guidelines sentence.

The defendant understands that the Court is not bound by this agreement on the Guideline ranges specified above.  The defendant further understands that he will not be permitted to withdraw the guilty plea if the Court imposes a sentence outside any of the ranges set forth in this agreement.

In the event the United States Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations.  Moreover, the parties

*Attorney Robert Mirto, Esq.*
*Page 8*

reserve the right to defend any sentencing determination, even if it differs from that stipulated by the parties, in any post-sentencing proceeding.

### Information to the Court

The Government reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case.  Moreover, the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

## WAIVER OF RIGHTS

The defendant acknowledges and agrees that he is knowingly, intelligently, and voluntarily waiving the following rights:

### Waiver of Trial Rights and Consequences of Guilty Plea

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, the right to testify and present evidence, and the right to compel the attendance of witnesses to testify in his defense.  The defendant

understands that by pleading guilty he waives those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that, if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

### Waiver of Statute of Limitations

The defendant agrees that, should the conviction following defendant's guilty plea be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

### Waiver of Right to Challenge Conviction

The defendant acknowledges that under certain circumstances he is entitled to challenge his conviction. By pleading guilty, the defendant waives his right to appeal or collaterally attack his conviction in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241. In addition to

any other claims he might raise, the defendant waives his right to challenge his conviction based on (1) any non-jurisdictional defects in the proceedings before entry of this plea, (2) a claim that the statute(s) to which the defendant is pleading guilty is unconstitutional, and (3) a claim that the admitted conduct does not fall within the scope of the statute. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

### Waiver of Right to Appeal or Collaterally Attack Sentence

The defendant acknowledges that under certain circumstances, he is entitled to challenge his sentence. In consideration for the benefits offered under this agreement, the defendant agrees not to appeal or collaterally attack the sentence in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241 if that sentence does not exceed 60 months of imprisonment, a lifetime term of supervised release, and a $100 special assessment, even if the Court imposes such a sentence based on an analysis different from that specified above.  The Government and the defendant agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with, in whole or in part, the undischarged portion of any other sentence that has been imposed on the defendant at the time of sentencing in this case. Furthermore, the parties agree that any challenge to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) this waiver. This waiver does not

Attorney Robert Mirto, Esq.
Page 11

preclude the defendant from raising a claim of ineffective assistance of counsel
in an appropriate forum.

### Waiver of Challenge to Plea Based on Immigration Consequences

The defendant understands that pleading guilty may have consequences
with respect to his immigration status if he is not a citizen of the United States.
Under federal law, non-citizens are subject to removal for a broad range of
crimes, including the offense(s) to which the defendant is pleading guilty.
Indeed, because the defendant is pleading guilty to conspiracy to possess with
the intent to distribute and to distribute narcotics, removal is presumptively
mandatory.  Likewise, if the defendant is a naturalized citizen of the United States,
pleading guilty may result in denaturalization and removal. Removal,
denaturalization, and other immigration consequences are the subject of a
separate proceeding, however, and the defendant understands that no one,
including his attorney or the district court, can predict to a certainty the effect of
his conviction on his immigration status. The defendant nevertheless affirms that
he wants to plead guilty regardless of any immigration consequences that his
plea may entail, even if the consequence is automatic removal from the United
States.

The defendant understands that he is bound by his guilty plea regardless
of the immigration consequences of the plea.  Accordingly, the defendant waives
any and all challenges to his guilty plea and to his sentence based on those
consequences, and agrees not to seek to withdraw his guilty plea, or to file a
direct appeal or any kind of collateral attack challenging his guilty plea,

Attorney Robert Mirto, Esq.
Page 12

conviction or sentence, based on the immigration consequences of his guilty plea, conviction or sentence. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in the appropriate forum.

ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty.  The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind.  The defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law.  The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney.  The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

SCOPE OF THE AGREEMENT

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority.  The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province

and discretion of the specific administrative or governmental entity involved. Finally, the defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him.

## COLLATERAL CONSEQUENCES

The defendant understands that he will be adjudicated guilty of each offense to which he has pleaded guilty and may thereby be deprived of certain federal benefits as provided in 21 U.S.C. § 862 and will be deprived of certain rights, such as the right to hold public office, to serve on a jury, to possess firearms and ammunition, and in some states, the right to vote. Further, the defendant understands that if he is not a citizen of the United States, a plea of guilty may result in removal from the United States, denial of citizenship, and denial of admission to the United States in the future. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Federal Bureau of Prisons or the United States Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which he is licensed, or with which he does business, as well as any current or future employer of the fact of his conviction.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of his

participation in the offense conduct, which forms the basis of the Superseding Indictment in this case.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement.  If the agreement is voided in whole or in part, the defendant will not be permitted to withdraw his guilty plea.

## NO OTHER PROMISES

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

*Attorney Robert Mirto, Esq.*
*Page 15*

     This letter shall be presented to the Court, in open court, and filed in this case.

                         Very truly yours,

                         JOHN H. DURHAM
                         UNITED STATES ATTORNEY

                         LAUREN C. CLARK
                         JOCELYN COURTNEY KAOUTZANIS
                         ASSISTANT UNITED STATES ATTORNEYS

     The defendant certifies that he has read this plea agreement letter and its attachment(s) or has had it read or translated to him, that he has had ample time to discuss this agreement and its attachment(s) with counsel and that he fully understands and accepts its terms.

ORLANDO MARTINEZ              Date         2/27/20
The Defendant

     I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client who advises me that he understands and accepts its terms.

ROBERT MIRTO, ESQ.            Date         2/27/20
Attorney for the Defendant